## Case No. 7,337.

### The JOHN COOKER.

### The JAMES W. EATON.

[10 Ben. 488.] [1]

District Court, E. D. New York. June, 1879.

W. W. Goodrich, for libellant.
Scudder & Carter, for claimant.

BENEDICT, District Judge. This action is brought to recover the damages caused to the steamboat J. A. Stevens by a blow from the barge James W. Eaton, delivered on the 15th day of June, 1878, off the Fulton Ferry slip, on the Brooklyn side of the East river. The barge was at the time being towed on a hawser by the propeller John Cooker. The action is against both the barge and the tug, and it appears from the answer that the same claimant has claimed both the vessels, and by consent has given a single stipulation for value to stand in place of both vessels. Under such circumstances, the tug and the tow must be treated as a single vessel, and any decree that may be rendered for the libellant will take effect upon the stipulation for value,

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.].

whether the collision in question arose from the fault of those on the tug or those on the tow. The practice adopted renders it unnecessary, therefore, to determine which of the two vessels proceeded against, if either, was guilty of fault.

Upon the evidence it is clear that the collision was caused by fault on the part of the tow, and not by any fault on the part of those in charge of the Stevens. In the first place, it was a fault in the tow to attempt to pass down the river close to the Brooklyn shore as she did, instead of keeping near the centre of the river as she might have done and as the statute of the state requires. I am aware of the temptation that impels to a violation of this statute at this locality, and that such violations constantly occur, but a disregard of this statute has never been sanctioned by the courts. There are few places in the whole East river where a departure from the statute is attended with so much risk of loss, not only of property, but of life, and where obedience to the statute is more necessary.

But aside from her violation of the statute, the tow was in fault for attempting as she did to pass between the Stevens and the ferry-boat Hamilton. The space was narrow and a collision almost certain if any drift or swing of the barge should occur during the passage. The tow took the risk of effecting the passage without drift or swing, and failed. Having attempted to accomplish a hazardous manoeuvre, she must bear the consequences of her want of success.

No fault conducing to the collision is proved against the Stevens. The fault charged against her is that she started up her engine while the tow was passing and so ran into the barge then seen to be crossing ahead of her. The weight of the evidence, however, disproves the charge. No movement on the part of the Stevens conduced to the accident.

There remains to be determined another question relating to the action taken by those in charge of the Stevens after the collision with the John Cooker and her tow. The Stevens was at this time running as an "Annex boat," and was bound to the Annex dock next to the Fulton Ferry slip, on the Brooklyn side. After the collision in question, she proceeded to the Annex dock and landed her passengers, then, after an examination of the injury, she put out into the river, under the supposition that with her engine working, her pumps would keep her afloat until she could reach a place of repair, or, if not, that she could be beached upon the Jersey shore or upon Governor's Island. Soon after she got into the stream it was found that the pumps would not keep her afloat, and she was in danger of sinking at once; therefore she then turned to reach the shore and succeeded in reaching Martin's dock, where she shortly sank in 30 feet of water.

An effort was made to show that under the circumstances it was negligence for the Ste-

vens to leave the Annex dock and that her bow could have been run upon the shore at the bulkhead next the Annex dock, in either of which cases it is supposed the loss would have been much less than it was. But manifestly it was incumbent upon the owner of this boat if possible not to allow her to sink at the ferry dock or in the slip. The crowded condition of the dock and piers and the obstruction caused by a sunken steamboat. justified taking some risk in order to get the boat to a place where she could properly be beached. Whether her pumps would keep her free when her engine began to move could not be certainly known until the effort was made. Those on board thought the condition of the boat warranted taking the risk, and they took the risk themselves with the boat. The result proved that the pumps could not keep her free, and when that was ascertained, she was taken to the nearest place available, where she sank. There is no reason to suppose that the loss was greater by reason of her sinking where she did than it would have been if she had been allowed to sink at the Annex dock, and I cannot believe that it would have been justifiable to permit this boat to sink at the Annex dock and so stop the ferry, or to sink at the adjoining bulkhead, and so obstruct the slip, without any effort to get her to some place where she could properly be beached. The effort made was, in my opinion, laudable, and it cannot be found to have increased the loss. There must, accordingly, be a decree in favor of the libellant, for the amount of the libellant's loss, with a reference to ascertain the amount.

On a motion for re-hearing, the following decision was made:

BENEDICT, District Judge. This case comes before the court upon a motion for a re-hearing. The affidavit upon which the motion is founded, states two grounds. One ground is that upon the trial it was ruled that one of the questions passed on in the opinion already delivered, viz.: the question whether it was negligence on the part of the Stevens to leave the Annex dock after she had been injured by the collision in question, was a question to be left to be determined on the reference. This ground is untenable. The minutes show no such ruling. On the contrary, evidence was given upon that question, not only by the libellant, but also by the claimant. Moreover, the question was argued at the hearing, by the libellant as well as by the claimant.

The other ground is that in another action tried since the trial of this action, the libellant's witnesses have given evidence bearing upon this question inconsistent with, if not contradictory of, what they testified in this cause.

If there were no right of appeal with liberty to introduce new evidence, it would no doubt be proper to permit a re-hearing of the cause. provided the fact be as claimed that the testimony given by these witnesses on the subsequent case alluded to, is such as to contradict their testimony given in this case and compel a different result. But there being a right of appeal with liberty to introduce new evidence, I do not feel bound to reopen the case for the purpose of introducing new evidence here—and this the more because at the trial the claimant's proctor rejected the proposition of the other side to try the two cases referred to together. and allow all evidence given in the one to be read in the other so far as material. Motion denied.